UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DGL REALTY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTHER CORONA and DOES 1 through 20, inclusive,<br><br>    Defendant. | Case No. 5:14-cv-01402 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant Esther Corona removed this unlawful detainer action from the Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution,

1 laws, or treaties of the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if,
2 based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  <u>Vaden</u>
3 <u>v. Discovery Bank</u>, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal
4 question do not satisfy this requirement.  <u>Id.</u>  Here, plaintiff's complaint presents claims arising
5 only under state law.  It does not allege any federal claims whatsoever.  The notice of removal
6 asserts that defendant's due process rights have been violated.  But, allegations in a removal notice
7 or in a response to the complaint cannot provide this court with federal question jurisdiction.

Additionally, defendant fails to show that diversity jurisdiction exists.  Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C. §1332.  The complaint indicates that the amount demanded does not exceed $10,000.  And, the record presented indicates that defendant is a California citizen.  (<u>See</u> Dkt. 1-1, Section III).  This matter cannot be removed on the basis of diversity.  28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); <u>see also</u> <u>Spencer v. U.S. Dist. Ct.</u>, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED**.

Dated:   March 27, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:14-cv-01402-HRL Notice has been electronically mailed to:

Kirkman Jan Hoffman     kirk@kirkhoffman.com

5:14-cv-01402-HRL Notice sent by U.S. Mail to:

Esther Corona
249 Beegum Way
San Jose, CA 95123

      Pro Se Defendant

3